1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## WESTERN DISTRICT OF WASHINGTON

9

### SEATTLE DIVISION

10
11

| | |
|---|---|
| INTERNATIONAL FRANCHISE ASSOCIATION, INC., *et al.*, | Case No. 14-cv-00848RAJ |

12

Plaintiffs,

**MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE IN SUPPORT OF PLAINTIFFS' MOTION FOR A LIMITED PRELIMINARY INJUNCTION**

13
14

v.

15

CITY OF SEATTLE, *et al.*,

**(NOTE ON MOTION CALENDAR: SEPTEMBER 5, 2014 OR DATE TO BE SET BY COURT)**

16

Defendants.

17
18

Amici Curiae the Chamber of Commerce of the United States of America,

19

American Hotel & Lodging Association, National Restaurant Association, the Asian

20

American Hotels Owners Association, the Home Care Association of America, and the

21

Washington Retail Association ("Amici") respectfully move the Court for leave to file the

22

attached amici curiae brief in support of Plaintiffs' Motion for a Limited Preliminary

23
24

Injunction.  Plaintiffs do not oppose the filing of this amicus brief.  Defendants take no

25

position on the motion and reserve the right to file a response.

26

## I.     IDENTITY AND INTEREST OF AMICI

27

The Chamber of Commerce of the United States of America (Chamber) is the

28

world's largest business federation.  It represents 300,000 direct members and indirectly

represents the interests of more than 3 million companies and professional organizations of every size, in every industry sector, and from every region of the country. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly files amicus curiae briefs in cases that raise issues of concern to the nation's business community.

The American Hotel & Lodging Association (AH&LA) is the sole national association representing all segments of the 1.8 million-employee U.S. lodging industry, including hotel owners, REITs, chains, franchisees, management companies, independent properties, state hotel associations, and industry suppliers. The mission of AH&LA is to be the voice of the lodging industry, its primary advocate, and an indispensable resource. AH&LA serves the lodging industry by providing representation at the national level and in government affairs, education, research, and communications. AH&LA also represents the interests of its members in litigation raising issues of widespread concern to the lodging industry.

The National Restaurant Association (NRA) was founded in 1919 and is the nation's largest trade association that represents and supports the restaurant and foodservice industry (the Industry) with over 500,000 member business locations. The Industry employs 13.5 million Americans in 990,000 restaurant establishments. The NRA's mission is to represent and advocate for Industry interests, primarily with national policymakers. The NRA also assists its members and the Industry by offering networking, education, and research resources and products.

The Asian American Hotel Owners Association (AAHOA) was founded in 1989 and is the largest hotel owners association in the world. AAHOA represents more than

12,500 small business owners, who own more than 20,000 properties, amounting to more than 40% of all hotels in the United States.   AAHOA members employ nearly 600,000 workers, accounting for over $9.4 billion in payroll annually.   The vast majority of AAHOA members are franchisees of national hotel brands.  The impact of the law at issue and the instant litigation directly impacts the businesses and livelihoods of these franchisees.  As an organization, AAHOA represents its members in matters relating to government affairs and is participating in this brief on behalf of the community of hoteliers.

The Home Care Association of America (HCAOA) is the nation's first association for providers of private duty home care.  HCAOA was founded on the principle that quality private duty home care has one model of care and that model is to employ, train, monitor, and supervise caregivers, create a plan of care for the client, and work toward a safe and secure environment for the person at home.  HCAOA's purpose is to provide leadership, representation, and education for the advancement of non-medical private duty home care and provide a strong unified voice to speak to the issues of concern within the private duty home care industry.

The Washington Retail Association (WRA) represents more than 3,000 store fronts in the State of Washington, including both large and small retailers.  A significant number of the WRA's members are small businesses using the franchise-business model. The WRA is concerned with the general impact of the Ordinance on its members' business operations, and in particular with a local government's unequal and unfair imposition of regulatory burdens on account of the use of the franchise-business model.

Amici have a significant interest in the outcome of this case.  Amici's members—including restaurants, hotels, franchisees, and countless other large and small businesses—

will soon be subject to an unprecedented minimum-wage increase.  The Ordinance will prohibit many of Amici's members from hiring any person, regardless of their skill level and experience, to perform any job unless they pay a wage of $15.00 per hour.  The Ordinance will target many of Amici's members for disparate treatment because of their affiliation with out-of-state franchisors and fellow franchisees.  As a consequence, the Ordinance likely will cause Amici's members significant and irreversible economic harm by causing them to, among other things, reduce their workforce, abandon plans to expand their businesses, raise prices, and/or reduce employee benefits.  Amici thus seek to submit the attached amicus brief in order to apprise the Court of the impact of the Ordinance on their members.

## II.     REASONS WHY MOTION SHOULD BE GRANTED

District courts may consider amicus briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'"  *Skokomish Indian Tribe v. Goldmark*, 2013 WL 5720053, at *1 (W.D. Wash. 2013) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)).  The role of an amicus is to assist the Court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision."  *Newark Branch, N.A.A.C.P. v. Harrison*, 940 F.2d 792, 808 (3d Cir. 1991).  The Court has "broad discretion to appoint amicus curiae."  *Skokomish Indian Tribe*, 2013 WL 5720053, at *1 (citation omitted).

The Court should exercise its discretion here to allow Amici to file the attached amicus brief.  As noted above, many of Amici's members are located in the City of Seattle and thus likely will suffer serious economic consequences as a result of the Ordinance's increase of Seattle's minimum wage.  As such, Amici are well situated to provide the Court with significant guidance as to how the Ordinance will affect Seattle businesses (and thus the City's economy) generally, and how the discriminatory classification of franchisees as "large" employers will harm them in particular.

**III.**   **CONCLUSION**

For these reasons, Amici respectfully request that the Court grant this motion for leave to file the attached amicus curiae brief.


Dated: August 12, 2014

Respectfully submitted,


By: /s Nicole J. Owren-Wiest (WA 30768)

Kate Comerford Todd
Steven P. Lehotsky
U.S. CHAMBER LITIGATION CENTER, INC.
1615 H Street, NW
Washington, DC 20062
(202) 463-5337

*Counsel for Amicus Curiae the Chamber of*
*Commerce of the United States of America*

David J. Matthews
Angelo I. Amador
NATIONAL RESTAURANT ASSOCIATION
2055 L Street NW
Suite 700
Washington, DC  20036
(202) 331-5900

*Counsel for Amicus Curiae the National*
*Restaurant Association*

William S. Consovoy
Thomas R. McCarthy
Nicole J. Owren-Wiest
J. Michael Connolly
WILEY REIN LLP
1776 K Street NW
Washington, D.C.  20006

*Counsel for Amici Curiae*

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this 12th day of August, 2014, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF System which will send

4

notification of such filing to the following:

5

6

| | |
|---|---|
| Gregory C. Narver | gregory.narver@seattle.gov |

7

| | |
|---|---|
| Gary T. Smith | gary.smith@seattle.gov |

8

| | |
|---|---|
| John B. Schochet | john.schochet@seattle.gov |

9

| | |
|---|---|
| Parker C. Folse, III | pfolse@susmangodfrey.com |

10

| | |
|---|---|
| Edgar G. Sargent | esargent@susmangodfrey.com |

11

| | |
|---|---|
| Justin A. Nelson | jnelson@susmangodfrey.com |

12

| | |
|---|---|
| Drew D. Hansen | dhansen@susmangodfrey.com |

13

| | |
|---|---|
| Paul D. Clement | pclmement@bancroftpllc.com |

14

| | |
|---|---|
| Viet D. Dinh | vdinh@bancroftpllc.com |

15

| | |
|---|---|
| David J. Groesbeck | david@groesbecklaw.com |

16

17

| | |
|---|---|
| H. Christopher Bartolomucci | cbartolomucci@bancroftpllc.com |

18

19

20

/s Nicole J. Owren-Wiest (WA 30768)

21

Nicole J. Owren-Wiest

22

WILEY REIN LLP

1776 K Street NW

23

Washington, D.C.  20006

24

*Counsel for Amici Curiae*

25

26

27

28